[Crim. No. 5676.   Second Dist., Div. One.   Feb. 6, 1957.]

THE PEOPLE, Respondent, v. SALVATORE SINATRA et al., Defendants; KENNETH JOHN WOOD, Appellant.

Forno & Umann and Harry M. Umann for Appellant.

Edmund G. Brown, Attorney General, and Lynn Henry Johnson, Deputy Attorney General, for Respondent.

DORAN, J.—Appellant was charged with robbery and that at the time of the commission of the offense he was armed with a deadly weapon.  Salvatore Sinatra was a co-defendant.  Sinatra pleaded guilty.  Following a jury trial Wood was adjudged guilty.  The appeal is from the judgment that followed, and from the order denying defendant's motion for a new trial.

The record reveals, as recited in respondent's brief, that, "Maurice W. Blaine is part owner of a retail liquor store at 792 Van Nuys Boulevard, Van Nuys.  At approximately 12:26 a. m. on the morning of January 13, 1956, Blaine was in his store when the store was entered by two men.  One was appellant Wood.  Upon reaching the far corner of the store, Wood turned with a gun in his hand and spoke, saying

to Blaine, 'This is a stick up.' Wood then walked over to Blaine, ordered Blaine to put his hands up and marched him into a back room. (The gun appeared to be a .38 or .45 automatic.)

"In the back room Blaine listened to Wood's voice further as there was conversation about how to open the cash register and whether the money in the cash register was all there was. Also Wood kept ordering Blaine to turn around and ordered Blaine to lie on the floor when he made his departure. During the robbery the man with Wood rifled the cash register while Wood stood guard over Blaine in the back room with a gun poked in Blaine's ribs. Blaine kept sneaking glimpses of Wood's face, each time being ordered to turn around. Blaine saw Wood's face, altogether, probably thirty to forty seconds. After the robbers left, Blaine found that some $230 had been taken from the cash register. The reason Blaine let the robbers take the money was because of the presence of the gun.

"Police Officer Stevens was cruising in a squad car in the immediate vicinity when he saw two men leave the store around 12:30 a. m. and begin to run to a car parked across the street. He immediately gave chase but was not able to catch them. He was never close enough to see their faces but did get the license number of their car. It was registered to Salvador Sinatra. Sinatra was arrested that same day and appellant Wood was arrested two days later, January 15, 1956, after the police had talked with Sinatra."

It is contended on appeal that, I. "The evidence was insufficient to sustain a conviction, as a matter of law." II. "The evidence was insufficient to sustain a determination that defendant was armed, as a matter of law." III. "The trial court erred in sustaining the People's objection to certain questions on cross-examination by defense, and thereby deprived defendant of his right to a fair and impartial trial under the law."

■ Appellant's contention that the evidence was insufficient to sustain the conviction, as a matter of law, is not supported by the record. The trial judge and the jury heard the evidence and observed the witnesses, and the record, as a matter of law, supports their conclusion. The record also supports the conclusion that defendant was armed, as a matter of law.

Appellant's contention that the court erred in sustaining

the People's objection to certain questions on cross-examination by the defense is also unsupported by the record and the law. It would serve no useful purpose to go into detail regarding this contention. It is sufficient to note that the court's rulings regarding this issue are in conformity with the law on this subject.

There are no prejudicial errors appearing in the record and the judgment is affirmed, as well as the order denying the motion for a new trial.

White, P. J., and Fourt, J., concurred.